UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD MACRAE LAWSON,

                Petitioner,

v.                                                    Case Number: 09-CV-11946
                                                    Honorable Denise Page Hood

DEBRA SCUTT,

                Respondent.
                                            /

## OPINION AND ORDER
## GRANTING PETITIONER'S MOTION TO STAY HABEAS CORPUS PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE

      Petitioner Richard MacRae Lawson, a Michigan state inmate currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. (Dkt. # 1.) On March 21, 2006, following a jury trial in the Wayne County, Michigan, Circuit Court, Petitioner was convicted of (1) felony murder, MICH. COMP. LAWS § 750.316, and (2) felony firearm, MICH. COMP. LAWS § 750.227b. He was subsequently sentenced to life imprisonment for the felony-murder conviction and the mandatory two-years imprisonment for the felony-firearm conviction. Before the Court now is Petitioner's "Motion for Stay of the Proceedings" [dkt. # 2], requesting that this Court stay his habeas-corpus proceedings until he has had an opportunity to comply with the exhaustion requirements of 28 U.S.C. § 2254.

      In his motion, Petitioner claims that he has recently discovered issues that were not presented to the state courts, regarding exculpatory evidence that was withheld from him,

including, but not limited to, biological materials, latent prints, and DNA testing. Petitioner is asking the Court's permission to return to state court to exhaust those issues. For the reasons set forth below, the Court **GRANTS** Petitioner's motion and therefore stays the habeas-corpus proceedings so that he may return to state court to exhaust those claims.

I.

Following his convictions and sentences,[1] Petitioner, through counsel, filed a delayed application for leave appeal with the Michigan Court of Appeals, presenting the following claims:

> I. [Petitioner] was denied his Sixth Amendment right to the assistance of counsel at a critical stage of the proceedings, i.e., the preliminary examination, where the district judge failed to secure a valid waiver before allowing [Petitioner] to proceed *in propria persona*.
>
> II. [Petitioner] was denied the effective assistance of counsel where trial counsel failed to seek interlocutory review of the circuit judge's: (A) denial of dismissal on the basis of a violation of the 14-day rule; (B) granting of the prosecution's motion for the 404(b) other act evidence; (C) granting prosecution's motion for admittance of "admission" made by [Petitioner] when questioning a witness at the preliminary examination; and (D) denial of the motion to suppress statements taken in contravention of [Petitioner's] expressed assertion of his right to counsel.
>
> III. [Petitioner] was denied his Sixth Amendment right to a fair trial and due process of law under the Fourteenth Amendment where the trial court admitted into evidence unfairly prejudicial other act evidence relating to an armed robbery in California as there was no conviction for this alleged crime.

---

[1] Petitioner did not timely request counsel for his appeal of right; thus, a delayed application was filed pursuant to Mich.Ct.R. 7.205(F)(3).

> IV.  [Petitioner] was denied his Sixth Amendment right to a trial by jury comprised of a fair cross section of the community where out of 62 venire members there [were] only five minorities represented.

On August 30, 2007, the Michigan Court of Appeals denied Petitioner's delayed application, thereby affirming his convictions and sentences. *People v. Lawson*, No. 276946 (Mich.Ct.App. Aug. 30, 2007).

Subsequently, Petitioner filed an application for leave to appeal from that decision with the Michigan Supreme Court, raising the same claims as raised in the Court of Appeals. The Michigan Supreme Court denied the application on February 19, 2008. *People v. Lawson*, 480 Mich. 1074, 744 N.W.2d 147 (Mich. 2008). From the pleadings submitted, it appears that Petitioner neither filed a petition for a writ of certiorari in the United States Supreme Court nor a post-conviction motion in state court. He filed the present petition for a writ of habeas corpus on May 21, 2009, one day before the statue of limitations expired.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal-constitutional issues in the state courts before raising those claims in a federal-habeas-corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact

patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal-habeas-corpus relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

   The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich.Ct.R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claims on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. *See* Mich.Ct.R. 6.508(D)(3). However, he would have to make a similar showing here, if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996).

   A federal district court has the authority to abate or dismiss a federal-habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to hold further proceedings on a habeas-corpus petition in abeyance pending exhaustion,

rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state-court remedies).

Having considered the matter, the Court finds that it is appropriate to stay this case as requested. A federal district court has discretion in "limited circumstances" to stay a habeas action to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal-habeas relief due to the application of the one-year statute of limitations. *Id*. at 275-76. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 277.

In this case, Petitioner has shown the need for a stay. It appears from Petitioner's pleadings that he has new evidence regarding his claims and therefore those claims should be addressed to, and considered by, the state courts in the first instance, so the state courts will have an opportunity to decide whether those claims, with the new evidence obtained, have merit. Additionally, the Court recognizes that the one-year limitations period applicable to this habeas action poses a problem for Petitioner if this Court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1).

III.

Accordingly, **IT IS ORDERED** that further proceedings in this case are stayed pending exhaustion of state-court remedies. The case shall be stayed provided that (1) Petitioner presents his unexhausted claims to the state court within sixty (60) days from the date of this order, and (2) Petitioner returns to this Court to request that the stay be lifted within sixty (60) days of exhausting state-court remedies. "If either condition of the stay is not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: June 22, 2009

I hereby certify that a copy of the foregoing document was served upon Richard Lawson, Reg. No. 598802, G. Robert Cotton Correctional Facility, 3500 N. Elm Rd., Jackson, MI 49201 on June 22, 2009, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager